IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JEANNETTE H. DAYS,  )
                    )
     Plaintiff,     )
                    )
v.                  )
                    )   CASE NO. CV414-214
STONEBRIDGE LIFE INSURANCE )
COMPANY,            )
                    )
     Defendant.     )
                    )

**ORDER**

Before the Court is Plaintiff's Motion to Remand (Doc. 7), to which Defendant has filed a response (Doc. 12). In addition, Defendant has filed a Motion to Dismiss (Doc. 6) to which Plaintiff has filed a response (Doc. 8). For the following reasons, Plaintiff's Motion to Remand is **DENIED**. However, the Court **DEFERS** ruling on Defendant's Motion to Dismiss. The parties are hereby ordered to each file a single supplemental brief addressing whether Illinois law should be applied in this case.[1] Both parties are directed to file their briefs within forty-five days from the date of this order. The Clerk of Court is **DIRECTED** to

---

[1] The parties should be aware that the Court will not accept any supplemental briefing that incorporates by reference factual allegations or arguments contained in an earlier filing. The supplemental briefs should be stand-alone filings that independently contain all the factual allegations and arguments that the parties wish the Court to consider.

administratively terminate Defendant's Motion to Dismiss (Doc. 6) for statistical purposes. Following the supplemental briefing, the Court will revisit Defendant's Motion to Dismiss.

**BACKGROUND**

This case arises from the death of Plaintiff's husband, Benjamin Days Sr., in a bicycle accident that occurred on April 21, 2008.[2] (Doc. 1, Attach. 1 at 2.) According to Plaintiff's complaint, Mr. Days was covered at the time of his death by life insurance policies[3] issued by Defendant.[4] (Doc. 1, Attach. 1 at 2.) Both policies included three possible schedules for recovery—identified in the

---

[2] Plaintiff's complaint states merely that Mr. Days "died as a result of a bicycle accident," but fails to allege that a motorized vehicle was involved. (Doc. 1, Attach. 1 at 2.) Furthermore, Plaintiff's demand letter stated that "there is no evidence that another vehicle was involved in the demise of Mr. Benjamin N. Days, Sr." (Doc. 1, Attach. 1 at 6.) Nevertheless, Plaintiff alleges in his Motion to Remand that "Benjamin N. Days, Sr. died as a result of an accident involving an unidentified motor vehicle while riding a bicycle." (Doc. 7, Attach. 1 at 2.)

[3] Plaintiff alleges that there are three life insurance policies—numbered 25292, 25451, and GC346. (Doc. 1, Attach. 1 at 2.) However, Defendant has stated in its Motion to Dismiss, and attached supporting documentation indicating, that there are only two policies—numbered 25292 and 25451 GC346. (Doc. 6, Attach. 6 at 1; Doc. 6, Attachs. 2-5.)

[4] The insurance policies are evidenced by two types of documentation: (1) group policies and (2) certificates of insurance. The group policies were issued under Defendant's former name, J.C. Penney Life Insurance Company, while the certificates of insurance were issued under the name of Stonebridge Life Insurance Company. (Doc. 6, Attach. 1 ¶¶ 2-11; Id. Attach. 3; Id. Attach 5.)

relevant documents as "Part[s]." (Doc. 6, Attachs. 2-5.) Part I provided coverage for injuries incurred by reason of travel by common carrier, Part II provided coverage for injuries occurring during travel by passenger automobile and land motor vehicle accidents, and Part III provided coverage for all other injuries. Id. Following her husband's death, Plaintiff sought recovery of benefits under the life insurance policies. (Doc. 1, Attach. 1 at 2.)

Defendant paid benefits to Plaintiff under Part III of both policies. Id. However, Plaintiff asserts that Defendant declined to pay benefits under Part II of the policies. Id. Plaintiff also asserts that Defendant acted in bad faith when it wrongfully withheld the benefits to which Plaintiff was entitled under Part II. (Id. at 3.) As a result, Plaintiff filed suit in the State Court of Chatham County seeking payment under Part II, interest on the unpaid benefits from the date of Mr. Days's death, and all associated costs and fees incurred in prosecuting this action. (Id. at 4.) Defendant subsequently invoked this Court's diversity jurisdiction and removed the case to this Court pursuant to 28 U.S.C. § 1332. (Doc. 1.)

On October 3, 2014, Defendant filed a Motion to Dismiss arguing that the complaint failed to state a claim

for which relief may be granted and that Plaintiff's breach of contract claim was contractually barred. (Doc. 6, Attach. 6.) Plaintiff responded that Plaintiff had sufficiently put Defendant on notice as to the claims against it and that Plaintiff's claims are not time barred because the contractual limitations in the insurance policies were tolled. (Doc. 8.)

On October 15, 2014, Plaintiff filed a Motion to Remand contending that although there is diversity of citizenship, Georgia's long arm statute subjects Defendant to the jurisdiction of Georgia's courts and that the State Court of Chatham County is "uniquely equipped to exercise personal jurisdiction over this claim." (Doc. 7.) The Court now addresses both motions.

**ANALYSIS**

I.  PLAINTIFF'S MOTION TO REMAND

In general terms, federal courts are courts of limited jurisdiction: they may only adjudicate cases over which they have been granted jurisdiction by the Constitution or Congress. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994). Specifically, federal district courts have jurisdiction over two types of civil actions: (1) those that involve a federal question, meaning the claim arises under the Constitution, laws, or treaties of the

United States; and (2) those that invoke the Court's diversity jurisdiction, meaning they involve an amount in controversy in excess of $75,000 and are "between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens." Exxon Mobile Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005) (citing 28 U.S.C. § 1332). In cases removed to federal court based on diversity jurisdiction, removal is permissible only "if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 84 (2005).

Despite the presence of complete diversity, Plaintiff contends that this case should be remanded because Georgia state courts may properly exercise jurisdiction over nonresidents who transact business in Georgia pursuant to O.C.G.A. § 9-10-91(1). The Court, however, finds Plaintiff's argument wholly without merit. While O.C.G.A. § 9-10-91(1) does provide Georgia with the opportunity to exert jurisdiction over entities like Defendant, it has long been determined that such state statutes do not preclude federal jurisdiction. Ordinarily, "[f]ederal jurisdiction cannot be defeated by a state statute prescribing the court in which the action is to be

5

brought." Akin v. La. Nat. Bank of Baton Rouge, 322 F.2d 749, 754 (5th Cir. 1963)[5]; see Roberts & Schaefer Co. v. Hardaway Co., 945 F. Supp. 247, 250 (M.D. Fla. 1996) (noting that state statutes granting jurisdiction to a state court may not ordinarily "bar[] federal courts sitting in diversity jurisdiction from possessing subject matter jurisdiction" (citing Greyhound Lines, Inc. v. Lexington State Bank & Trust Co., 604 F.2d 1151 (8th Cir. 1979))).

In addition, Plaintiff's argument that Georgia courts are "uniquely equipped" to handle this case (Doc. 7 at 1) is similarly unavailing. Federal courts make determinations based on state law in the exercise of their diversity jurisdiction. Markham v. Allen, 326 U.S. 490, 495 (1946). Therefore, the fact that federal courts are routinely called upon to interpret state law cannot be a sufficient reason to decline jurisdiction. Id.

Quite simply, the Court finds that this case meets the appropriate standards for diversity jurisdiction because there is complete diversity between the parties and the amount in controversy exceeds $75,000. Plaintiff has not

---

[5] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

6

challenged either of these requirements, or put forth a compelling reason why the Court should decline to exercise its jurisdiction over this case. Accordingly, Plaintiff's Motion to Remand is **DENIED**.

II. DEFENDANT'S MOTION TO DISMISS

As stated previously, this case centers on life insurance policies executed between Plaintiff's husband and Defendant. As Plaintiff points out, the group policies governing the agreements contain choice-of-law provisions that require the agreements be construed in accordance with the laws of the state of Illinois. (Doc. 8 at 6.) With respect to issues of state law, however, Plaintiff and Defendant cite exclusively to Georgia law in their briefs.

Despite both parties' failure to sufficiently address the choice of law provisions in the life insurance agreements, the Court is compelled to determine which state's law should govern this dispute. "[A] federal court sitting in diversity should, whenever possible, reach the same result as the state court would reach in deciding the identical issue." Goodwin v. George Fischer Foundry Sys., Inc., 769 F.2d 708, 711 (11th Cir. 1985) (internal citations omitted). Pursuant to choice-of-law jurisprudence, "Georgia will honor choice of law provisions unless no reasonable basis exists for doing so or[]

application of the chosen state's law is contrary to a fundamental policy of Georgia which has a materially greater interest in the issue than the chosen state." Bryan v. Hall Chem. Co., 993 F.2d 831, 834 (11th Cir. 1993) see also Carr v. Kupfer, 250 Ga. 106, 107, 296 S.E.2d 560, 562 (1982) ("Absent a contrary public policy, this court will normally enforce a contractual choice of law clause.")

The Court's review of the policies' express terms indicates that the parties may have intended them to be interpreted under Illinois law. It is also clear that neither party completed more than a cursory review of that body of law. As a result, the Court finds it appropriate to defer ruling on Defendant's Motion to Dismiss until both parties have clarified this issue. Accordingly, both Plaintiff and Defendant are directed to file supplemental briefs addressing the issue of whether the Court should apply Illinois law to this matter. If the Court determines that choice-of-law principles dictate that Illinois law governs this dispute, then the parties will be directed to resubmit briefs citing supporting Illinois law. See S.D. Ga. L.R. 7.1 (requiring parties to submit motions "accompanied by a memorandum of law citing supporting authorities.")

## CONCLUSION

Plaintiff's Motion to Remand is **DENIED**. However, the Court **DEFERS** ruling on Defendant's Motion to Dismiss. The parties are hereby ordered to each file a single supplemental brief addressing whether Illinois law should be applied in this case.[6] Both parties are directed to file their briefs within forty-five days of this order. The Clerk of Court is **DIRECTED** to administratively terminate Defendant's Motion to Dismiss (Doc. 6) for statistical purposes. Upon the filing of supplemental briefs, the Court will revisit Defendant's Motion to Dismiss.

SO ORDERED this 14th day of September 2015.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[6] The Court again emphasizes that it will not accept any supplemental briefing that incorporates by reference factual allegations or arguments contained in an earlier filing. The supplemental briefs should be stand-alone filings that independently contain all the factual allegations and arguments that the parties wish the Court to consider.