IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JEANNETTE H. DAYS, )
 )
    Plaintiff, )
 )
v. ) CASE NO. CV414-214
 )
STONEBRIDGE LIFE INSURANCE )
COMPANY, )
 )
    Defendant. )
 )

## O R D E R

Before the Court are the parties' briefs discussing whether Georgia or Illinois law applies in this case. For the following reasons, the Court determines that Illinois law is applicable to Plaintiff's breach of contract claim. To the extent that it is premised on O.C.G.A. § 33-4-6, Plaintiff's claim for bad faith failure to pay is **DISMISSED** because Illinois law applies. Defendant is **DIRECTED** to file a renewed motion to dismiss within thirty days from the date of this order citing Illinois law. Plaintiff may file a responsive brief within fourteen days from the date of Defendant's filing. No additional responsive briefs shall be permitted.[1]

---

[1] The Court will not accept any filing that incorporates by reference any factual allegation or argument contained in an earlier filing, or offers only a piecemeal amendment. The parties' briefs should be stand-alone filings that

## BACKGROUND

This case arises from the death of Plaintiff's husband, Benjamin Days Sr., in a bicycle accident that occurred on April 21, 2008.[2] (Doc. 1, Attach. 1 at 2.) According to Plaintiff's complaint, Mr. Days was covered at the time of his death by life insurance policies[3] issued by Defendant.[4] (Id.) Both policies included three possible schedules for recovery—identified in the relevant documents as "Part[s]." (Doc. 6, Attachs. 2-5.) Part I provided coverage for injuries incurred by reason of travel by common carrier, Part II provided coverage for injuries

---

independently contain all the factual allegations and grounds that they wish the Court to consider.

[2] Plaintiff's complaint stated merely that Mr. Days "died as a result of a bicycle accident," but failed to allege that a motorized vehicle was involved. (Doc. 1, Attach. 1 at 2.) Furthermore, Plaintiff's demand letter stated that "there is no evidence that another vehicle was involved in the demise of Mr. Benjamin N. Days, Sr." (Id. at 6.) Nevertheless, Plaintiff alleged in his Motion to Remand that "Benjamin N. Days, Sr. died as a result of an accident involving an unidentified motor vehicle while riding a bicycle." (Doc. 7, Attach. 1 at 2.)

[3] Plaintiff alleged that there are three life insurance policies—numbered 25292, 25451, and GC346. (Doc. 1, Attach. 1 at 2.) However, Defendant stated in its Motion to Dismiss indicating that there are only two policies—numbered 25292 and 25451 GC346. (Doc. 6, Attach. 6 at 1; id, Attachs. 2-5.)

[4] The insurance policies are evidenced by two types of documentation: (1) group policies and (2) certificates of insurance. The group policies were issued under Defendant's former name, J.C. Penney Life Insurance Company, while the certificates of insurance were issued under the name of Stonebridge Life Insurance Company. (Doc. 6, Attach. 1 ¶¶ 2-11; id. Attach. 3; id. Attach 5.)

2

incurred during travel by passenger automobile and land motor vehicle, and Part III provided coverage for all other injuries. (Id.) Following her husband's death, Plaintiff sought recovery of benefits under the life insurance policies. (Doc. 1, Attach. 1 at 2.)

Defendant paid benefits to Plaintiff under Part III of both policies. (Id.) However, Plaintiff asserts that Defendant declined to pay benefits under Part II of the policies.[5] (Id.) Plaintiff also asserts that Defendant acted in bad faith when it wrongfully withheld the benefits to which Plaintiff was entitled under Part II. (Id. at 3.) As a result, Plaintiff filed suit in the State Court of Chatham County seeking payment under Part II, interest on the unpaid benefits from the date of Mr. Days's death, and all associated costs and fees incurred in prosecuting this action. (Id. at 4.) Defendant subsequently invoked this Court's diversity jurisdiction and removed the case to this Court pursuant to 28 U.S.C. § 1332. (Doc. 1.)

On October 3, 2014, Defendant filed a Motion to Dismiss arguing that the complaint failed to state a claim for which relief may be granted and that Plaintiff's breach of contract claim was contractually barred. (Doc. 6,

---

[5] Part II of the policies would have entitled Plaintiff to a larger benefits recovery. (See Doc. 6, Attach. 2 at 4.)

3

Attach. 6.) Plaintiff responded that she had put Defendant on notice as to the claims against it and that her claims were not time barred because the limitations period in the insurance policies were tolled. (Doc. 8.) However, the policies' express terms contemplated the application of Illinois law. (Id. at 6) Unfortunately, neither party completed more than a cursory review of that body of law in their filings. Accordingly, the Court deferred ruling on the motion pending supplemental briefing as to whether the Court should apply Illinois law.

**ANALYSIS**

I. CHOICE OF LAW

"[A] federal court sitting in diversity should, whenever possible, reach the same result as the state court would reach in deciding the identical issue." Goodwin v. George Fischer Foundry Sys., Inc., 769 F.2d 708, 711 (11th Cir. 1985). Pursuant to choice-of-law jurisprudence, "Georgia will honor choice of law provisions unless no reasonable basis exists for doing so or, application of the chosen state's law is contrary to a fundamental policy of Georgia." Bryan v. Hall Chem. Co., 993 F.2d 831, 834 (11th Cir. 1993); see also Convergys Corp v. Keener, 276 Ga. 808, 812, 582 S.E.2d 84, 87 (2003) ("Georgia courts will not apply chosen law which would contravene the policy of, or

4

would be prejudicial to the interests of this state."); Carr v. Kupfer, 250 Ga. 106, 107, 296 S.E.2d 560, 562 (1982) ("Absent a contrary public policy, this court will normally enforce a contractual choice of law clause."). Georgia courts do not apply the "materially greater interest" test. Convergys, 276 Ga. at 812.

The language of the group policies contain choice-of-law provisions requiring that the agreements be construed in accordance with the laws of the State of Illinois. (Doc. 8 at 6.) Neither Plaintiff nor Defendant argues that the application of Illinois law would contravene the policies of Georgia or would be prejudicial to Georgia's interests. In fact, Defendant goes into great detail to explain how the application of Illinois law would result in the same outcome as the application of Georgia law. (Doc. 27 at 10.) Accordingly, this Court concludes that the choice of law provision in the insurance contract is valid and Plaintiff's claim for breach of contract is governed under Illinois law.

As the insurance contract is governed by Illinois law, Plaintiff is prohibited from bringing a bad faith claim pursuant to O.C.G.A. § 33-4-6. "Georgia Code section 33-4-6, a bad faith penalty provision that imposes attorney's fees, is substantive for purposes of Erie, and thus not

5

applicable if the laws of some other state should be applied to the issues in this case." <u>Pinkerton & Laws, Inc. v. Royal Ins. Co. of Am.</u>, 227 F. Supp. 2d 1348, 1357 (N.D. Ga. 2002) (citing <u>Turpentine & Rosin Factors v. Travelers Ins. Co.</u>, 45 F. Supp. 310, 317-18 (S. D. Ga. 1942) (discussing the predecessor to the current code section 33-4-6)). Because Illinois substantive law applies to the insurance policy, O.C.G.A. § 33-4-6 is inapplicable. Accordingly, Plaintiff's claim for bad faith, to the extent that it is premised on O.C.G.A. § 33-4-6, is **DISMISSED**.[6]

The Court previously stated that if Illinois law were applicable, the parties would be granted the opportunity to file renewed motions to dismiss. (Doc. 26 at 8.) Accordingly, if Defendant desires to resubmit a motion to dismiss, Defendant is **DIRECTED** to do so within thirty days from the date of this order. Plaintiff may file a responsive brief within fourteen days from the date of Defendant's filing. No additional responsive briefs shall be permitted.

## CONCLUSION

For the foregoing reasons, the Court determines that Illinois law is applicable to Plaintiff's breach of

---

[6] The Court recognizes that Illinois law encompasses a similar bad faith provision pursuant to 215 Ill. Comp. Stat. Ann. 5/155.

6

contract claim. To the extent that it is premised on O.C.G.A. § 33-4-6, Plaintiff's claim for bad faith failure to pay is **DISMISSED** because Illinois law applies. Defendant is **DIRECTED** to file a renewed motion to dismiss within thirty days from the date of this order citing Illinois law. Plaintiff may file a responsive brief within fourteen days from the date of Defendant's filing. No additional responsive briefs shall be permitted.

SO ORDERED this 21ST day of November 2016.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA