IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JEANNETTE H. DAYS, )
)
    Plaintiff, )
)
v. ) CASE NO. CV414-214
)
STONEBRIDGE LIFE INSURANCE )
COMPANY, )
)
    Defendant. )
)

## O R D E R

Before the Court is Defendant's Renewed Motion to Dismiss. (Doc. 30.) For the following reasons, Defendant's motion is **GRANTED**. However, Plaintiff shall have **fourteen days** to submit an amended complaint correcting the deficiencies identified in this order. Plaintiff is on **NOTICE** that failure to do so will result in dismissal of this case.

## BACKGROUND

This case arises from the death of Plaintiff's husband, Benjamin Days Sr., in an accident that occurred on April 21, 2008. (Doc. 1, Attach. 1 at 2.) Mr. Days was covered at the time of his death by life insurance policies[1]

---

[1] Plaintiff alleged in her complaint that there are three life insurance policies. (Doc. 1, Attach. 1 at 2.) However, Defendant has stated in its First Motion to Dismiss (Doc. 6, Attach. 6 at 1; id., Attachs. 2-5), and Plaintiff

issued by Defendant.[2] (Id.) Both policies included three possible schedules for recovery—identified in the relevant documents as "Part[s]." (Doc. 6, Attachs. 2-5.) Part I provided coverage for injuries incurred by reason of travel by common carrier, Part II provided coverage for injuries occurring during travel by passenger automobile and land motor vehicle accidents, and Part III provided coverage for all other injuries. (Id.) Following her husband's death, Plaintiff sought recovery of benefits under the life insurance policies. (Doc. 1, Attach. 1 at 2.)

Defendant paid benefits to Plaintiff under Part III of both policies for injuries unrelated to a passenger automobile or land motor vehicle accident. (Id.) On August 27, 2014, Plaintiff filed suit in the State Court of Chatham County seeking payment under Part II, interest on the unpaid benefits from the date of Mr. Days's death, and all associated costs and fees incurred in prosecuting this action. (Id. at 4.) Plaintiff's complaint stated that Mr. Days "died as a result of a bicycle accident," but did not

---

has agreed (Doc. 31 at 1), that there are only two policies.
[2] The insurance policies are evidenced by two types of documentation: (1) group policies and (2) certificates of insurance. The group policies were issued under Defendant's former name, J.C. Penney Life Insurance Company, while the certificates of insurance were issued under the name of Stonebridge Life Insurance Company. (Doc. 6, Attach. 1 ¶¶ 2-11; id., Attach. 3; id., Attach 5.)

2

allege that a motorized vehicle was involved.[3] (Id. at 2.) Plaintiff asserts in her complaint that Defendant wrongfully declined to pay benefits under Part II of the policies. (Id. at 2-4.) Plaintiff also claims that Defendant acted in bad faith when it withheld the benefits to which Plaintiff was allegedly entitled under Part II. (Id. at 3.) Defendant subsequently invoked this Court's diversity jurisdiction and removed the case to this Court pursuant to 28 U.S.C. § 1332. (Doc. 1.)

On October 3, 2014, Defendant filed a Motion to Dismiss. (Doc. 6, Attach. 6.) In the motion, Defendant argues that the complaint failed to state a claim for which relief may be granted and that Plaintiff's breach of contract claim was barred because Plaintiff had failed to file suit within a contractually specified period of time. (Id.) Plaintiff responded that she had sufficiently put Defendant on notice as to the claims against it and that Plaintiff's claims were not time barred because the contractual limitations in the insurance policies were tolled. (Doc. 8.)

---

[3] Furthermore, Plaintiff's demand letter stated that "there is no evidence that another vehicle was involved in the demise of Mr. Benjamin N. Days, Sr." (Doc. 1, Attach. 1 at 6.)

On September 14, 2015, this Court entered an order deferring ruling on the motion to dismiss pending supplemental briefing regarding the appropriate choice of law. (Doc. 26.) Following that supplemental briefing, the Court determined that Illinois law was applicable to the case. (Doc. 29.) The Court also dismissed Plaintiff's claim for bad faith failure to pay to the extent it was predicated on Ga. Code. Ann. § 33-4-6. (Id.) Defendant filed a renewed Motion to Dismiss following that ruling. (Doc. 30.) In this motion, Defendant argues that Plaintiff cannot maintain a claim for breach of contract because Plaintiff's husband was killed in a bicycle accident and Plaintiff is attempting to recover for a land motor vehicle accident. (Id.) Moreover, Defendant contends that the statute of limitations has run on Plaintiff's claim. (Id.)

**ANALYSIS**

I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Aschroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell

4

Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Iqbal, 556 U.S. at 678 (internal quotations omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. (internal quotations omitted).

When the Court considers a motion to dismiss, it accepts the well-pleaded facts in the complaint as true. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (abrogated on other grounds by Mohamad v. Palestinian Authority, 566 U.S. 449 (2012)). However, this Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678. Moreover, "unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of [plaintiff's] allegations." Sinaltrainal, 578 F.3d at 1268 (citing Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, at 1248 (11th Cir. 2005)). That is, "[t]he rule 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element."

5

Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295-96 (11th Cir. 2007) (quoting Twombly, 550 U.S. at 545).

Finally, courts are generally precluded from considering anything beyond the face of the complaint when analyzing a motion to dismiss. Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1368 (11th Cir. 1997). However, "in cases in which a plaintiff refers to a document in its complaint, the document is central to its claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss," a court may analyze that document in ruling on the motion to dismiss. Fin. Sec. Assur., Inc., v. Stephens, Inc., 500 F.3d 1276, 1284 (11th Cir. 2007) (citing Harris v. Ivax Corp., 182 F.3d 799, 802 n.2 (11th Cir. 1999); Brooks, 116 F.3d at 1368-69). In this case, the insurance policies underlying this case meet these requirements. As a result, the Court may review and consider the insurance policies when ruling on Defendant's motion.

II. **MOTION TO DISMISS**

A. Breach of Contract Claim

Plaintiff seeks recovery under Part II of the insurance policies as Plaintiff has already received payment under Part III. Part II of the policy allows coverage if a person is injured

> 1. [i]n consequence of Occupying a Private Passenger Automobile;
> 2. [b]y being struck by a Land Motor Vehicle; or
> 3. [w]hile driving for hire a Land Motor Vehicle.

(Doc. 30, Attach. 2 at 5.) A private passenger automobile is defined as

> a four wheel automobile which is not licensed to carry passengers for hire and which is of the pleasure, station wagon, van, jeep, or truck type with a factory rating load capacity of 2,000 pounds or less. Also included are all self-propelled motor home type vehicles of four wheels or more and recreational vehicles.

(Id. at 3.) A land motor vehicle is defined as

> [a]ny gasoline, diesel, or similarly powered vehicle customarily used for transportation on land and for which the operator is normally licensed. This category includes, but is not limited to, those vehicles considered "Private Passenger Automobiles" by this Policy. Also included are two-wheeled vehicles (motorcycles, motorscooters) and vehicles with more than four wheels (tractor/trailer rigs, flat bed trucks). Farm equipment, unless specifically designed primarily used for transportation, is excluded.

(Id.)

Plaintiff argues in her complaint that her husband "died as a result of a bicycle accident." (Doc. 1, Attach. 1 at 2.) Because Plaintiff died as a result of a bicycle accident, and not one involving a motor vehicle, the terms of the policy appear to exclude recovery. Plaintiff's argument in opposition to this point is that a bicycle is a motor vehicle and therefore falls within Part II's terms. (Doc. 31 at 5.)

7

Plaintiff's argument rests on the idea that because a bicyclist is granted all rights and is subject to all duties of motor vehicles pursuant to the Illinois Vehicle Code, bicycles are also motor vehicles. (Doc. 31 at 5-6.) Defendant disagrees with this assertion. Defendant contends that bicycles are not considered motor vehicles under the Illinois Vehicle Code, and are in fact specifically excluded from that category. (Doc. 30 at 8.) Moreover, Defendant argues that the Court should look to the terms of the contracts to determine whether a bicycle is a motor vehicle. (Id.)

In Illinois,

> [t]he primary object of contract construction is to give effect to the intention of the parties. That intention should be ascertained from the language of the contract. Clear and unambiguous contract terms must be given their ordinary and natural meaning. Contracts should be construed as a whole, giving meaning and effect to each provision thereof.

Srivastava v. Russell's Barbecue, Inc., 168 Ill. App. 3d 726, 730, 523 N.E.2d 30, 33 (1988) (citations omitted). The insurance contracts in this case clearly define a land motor vehicle as a vehicle powered by gasoline, diesel, or some other similar power. Giving these words their ordinary and natural meaning, the Court concludes that self-propelled vehicles like bicycles fall outside of the

insurance contracts' terms. Moreover, the fact that Illinois grants bicyclists certain privileges akin to those granted their motorized cousins does not make bicyclists motor vehicles. In fact, as pointed out by Defendant, the Illinois Vehicle Code specifically excludes bicycles from its definition of a motor vehicle. 625 <u>Ill. Comp. Stat.</u> 5/1-146 and 625 <u>Ill. Comp. Stat.</u> 5/1-217.

In order to recover on Plaintiff's claims, Plaintiff had to show a breach of contract. The contracts at issue here—insurance contracts—allow recovery only for accidents caused by a private passenger automobile or land motor vehicle. Plaintiff alleged in her complaint only that Mr. Days was killed as a result of a bicycle accident. Because a bicycle is not a land motor vehicle, Plaintiff's complaint does not plead sufficient facts to allow this case to proceed to discovery. Accordingly, Defendant's Motion to Dismiss is **GRANTED** as to Plaintiff's breach of contract claim.

B. <u>Bad Faith Refusal to Pay Insurance</u>

This Court previously dismissed Plaintiff's bad faith claim, to the extent it was predicated on Ga. Code. Ann. § 33-4-6. (Doc. 29.) Illinois does allow a limited contractual reward for bad faith failure to pay. 215 <u>Ill. Comp. Stat.</u> 5/155. However, such liability exists only

where benefits are owed. Martin v. Ill. Farmers Ins., 318 Ill. App. 3d 751, 764, 742 N.E.2d 848, 857-58 (2000). Because Plaintiff has failed to state a claim as to her breach of contract claim, Plaintiff's bad faith failure to pay claim must also fail. Accordingly, Defendant's Motion to Dismiss is **GRANTED** as to Plaintiff's bad faith claim.

## CONCLUSION

For the following reasons, Defendant's Motion to Dismiss (Doc. 30) is **GRANTED**. However, Plaintiff shall have **fourteen days** to submit an amended complaint correcting the deficiencies identified in this order. Plaintiff is on **NOTICE** that failure to do so will result in dismissal of this case.

SO ORDERED this 29th day of June 2017.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA