FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2018 APR -3 PM 12:04
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JEANNETTE H. DAYS,<br><br>    Plaintiff,<br><br>v.<br><br>STONEBRIDGE LIFE INSURANCE COMPANY,<br><br>    Defendant. | CASE NO. CV414-214 |

## O R D E R

Before the Court is Defendant's Motion for Summary Judgment. (Doc. 30.) For the following reasons, Defendant's motion is **GRANTED**. Plaintiff's claims are **DISMISSED** and the Clerk of Court is **DIRECTED** to close this case.

### BACKGROUND

This case arises from the death of Plaintiff's husband, Benjamin Days Sr., in an accident that occurred on April 21, 2008. (Doc. 33 at 2.) At the time of his death, Mr. Days was covered by two life insurance policies issued by Defendant. (Id.) Both policies included three possible schedules for recovery—identified in the relevant documents as "Part[s]." (Doc. 6, Attachs. 2-5.) Part I provided coverage for injuries incurred by reason of travel by common carrier, Part II provided coverage for injuries occurring during travel by passenger automobile and land motor vehicle accidents, and Part III

provided coverage for all other injuries. (Id.) Following her husband's death, Plaintiff sought recovery of benefits under the life insurance policies. (Doc. 33, at 2.)

Defendant paid benefits to Plaintiff under Part III of both policies for injuries unrelated to a passenger automobile or land motor vehicle accident. (Doc. 33, Attachs. 12-13.) On August 27, 2014, Plaintiff filed suit in the State Court of Chatham County seeking payment under Part II of the policies, interest on the unpaid benefits from the date of Mr. Days's death, and all associated costs and fees incurred in prosecuting this action. (Doc. 1, Attach. 1.) Plaintiff's complaint stated that Mr. Days "died as a result of a bicycle accident," but did not allege that a motorized vehicle was involved. (Id. at 2.) Plaintiff asserted in her complaint that Defendant wrongfully declined to pay benefits under Part II of the policies. (Id. at 2-4.) Plaintiff also claimed that Defendant acted in bad faith when it withheld the benefits to which Plaintiff was allegedly entitled under Part II. (Id. at 3.) Defendant subsequently invoked this Court's diversity jurisdiction and removed the case to this Court pursuant to 28 U.S.C. § 1332. (Doc. 1.)

On October 3, 2014, Defendant filed a Motion to Dismiss. (Doc. 6, Attach. 6.) In that motion, Defendant argued that Plaintiff's complaint failed to state a claim for which relief could be granted and that Plaintiff's breach of contract claim

2

was barred because Plaintiff had failed to file suit within a contractually specified period of time. (Id.) Plaintiff responded that she had sufficiently put Defendant on notice as to the claims against it and that Plaintiff's claims were not time barred because the contractual limitations in the insurance policies were tolled. (Doc. 8.) On September 14, 2015, this Court entered an order deferring ruling on the motion to dismiss pending supplemental briefing regarding the appropriate choice of law. (Doc. 26.) Following that supplemental briefing, the Court determined that Illinois law was applicable to the case. (Doc. 29.) The Court also dismissed Plaintiff's claim based on Defendant's alleged bad faith failure to pay under the policies to the extent the claim was predicated on O.C.G.A. § 33-4-6. (Id.)

Defendant filed a renewed Motion to Dismiss following that ruling. (Doc. 30.) In that motion, Defendant argued that Plaintiff could not maintain a claim for breach of contract because Plaintiff had failed to allege any facts that a land motor vehicle was involved in her husband's death. (Id.) In addition, Defendant maintained that the statute of limitations had run on Plaintiff's claim, effectively barring her suit. (Id.) On June 30, 2017, this Court granted Defendant's Motion to Dismiss. (Doc. 32.) The Court concluded that Plaintiff had failed to state a claim that would have entitled her to recover

3

under Part II of the insurance policies (Id. at 9.) After reviewing the contract language and Illinois law, the Court concluded that a bicycle did not qualify as a land motor vehicle. (Id. at 8-9.) As a result, Plaintiff's allegation that her husband was injured on a bicycle failed to state a claim that would have entitled her to any relief based on a breach of contract claim. (Id. at 6-9.) Because Plaintiff failed to state a breach of contract claim, the Court also dismissed Plaintiff's bad faith claim. (Id. at 9-10.) The Court, however, provided Plaintiff with fourteen days to file an amended complaint. (Id. at 10.)

On July 5, 2017, Plaintiff filed an amended complaint again alleging a breach of contract claim based on Defendant's refusal to pay benefits under Part II of the insurance policies. (Doc. 33.) In response, Defendant has now filed a Motion for Summary Judgment seeking dismissal of Plaintiff's complaint. (Doc. 35.) Defendant contends that Plaintiff's claim fails because (1) Plaintiff's suit is barred by the three-year contractual limitation provision in the insurance policies; and (2) there is no evidence that Mr. Days's death was the result of a land motor vehicle accident as required by Part II of the insurance policies.

## ANALYSIS

According to Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim of defense—on which summary judgment is sought." Such a motion must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Id. The "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56 advisory committee notes).

Summary judgment is appropriate when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law governing the action determines whether an element is essential. DeLong Equip. Co. v. Wash. Mills Abrasive Co., 887 F.2d 1499, 1505 (11th Cir. 1989).

As the Supreme Court explained:

[A] party seeking summary judgment always bears the
initial responsibility of informing the district court
of the basis for its motion, and identifying those
portions of the pleadings, depositions, answers to
interrogatories, and admissions on file, together with

> the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

Celotex, 477 U.S. at 323. The burden then shifts to the nonmovant to establish, by going beyond the pleadings, that there is a genuine issue as to facts material to the nonmovant's case. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).

The Court must review the evidence and all reasonable factual inferences arising from it in the light most favorable to the nonmovant. Matsushita, 475 U.S. at 587-88. However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Id. at 586. A mere "scintilla" of evidence, or simply conclusory allegations, will not suffice. See, e.g., Tidwell v. Carter Prods., 135 F.3d 1422, 1425 (11th Cir. 1998). Nevertheless, where a reasonable fact finder may "draw more than one inference from the facts, and that inference creates a genuine issue of material fact, then the Court should refuse to grant summary judgment." Barfield v. Brierton, 883 F.2d 923, 933-34 (11th Cir. 1989).

In this case, Plaintiff has failed to identify any evidence that would create a genuine dispute of material fact as to whether she is entitled to recover under Part II of the life insurance policies. In an attempt to convince this Court otherwise, Plaintiff argues that she has stated a claim that

would entitle her to recover under Part II of the life insurance policies because a bicycle should qualify as a land motor vehicle, and, even if it does not, there is evidence that a land motor vehicle caused the bicycle accident. After careful review, however, Plaintiff's claim cannot survive.

First, this Court has already rejected Plaintiff's argument that a bicycle qualifies as a land motor vehicle under Part II of the insurance policies. (Doc. 32.) In her briefing, Plaintiff contends that land motor vehicle as defined in the contract actually means "vehicles that legally traverse the roadway." (Doc. 37, Attach. 2 at 11.) Accordingly, Plaintiff contends that her husband's injury on a bicycle entitles her to recovery under Part II. However, this argument has already been rejected by this Court. (Doc. 32. at 7-9.) This Court will not further entertain Plaintiff's argument except to restate that a bicycle is not a land motor vehicle as defined by Illinois law or the contractual language of the life insurance policies. (See id.)

Moreover, the Court rejects Plaintiff's argument that, even if a bicycle does not qualify as a land motor vehicle as defined within the insurance policies, there is sufficient evidence that a motor vehicle was involved in her husband's death. In defense of her position, Plaintiff provides two affidavits, one written by Plaintiff and another by her deceased's husband's brother, Richard Days. (Doc. 37, Attachs. 3-4.) In her own affidavit,

7

Plaintiff purports that "others in the community informed [her] that an automobile sideswiped [her] husband and ran him off the road." (Doc. 37, Attach. 3 at 1.) In the affidavit signed by the deceased's brother, who did not witness his brother's accident, he states "that a car startled [Mr. Days] forcing him off the road causing him to fall." (Doc. 37, Attach. 4 at 2.) However, these affidavits are insufficient.[1] Neither of the affidavits provide any firsthand knowledge that a motor vehicle was involved in the accident that led to Mr. Days's death. Plaintiff cannot survive summary judgment by relying on conclusory hearsay allegations made by two people who have no personal knowledge of the accident. There is simply no evidence in this case to create a genuine dispute of material fact as to whether a motor vehicle was involved in the accident that caused Mr. Days's death.[2]

---

[1] Notably, even Plaintiff's own attorney found that there is no evidence that a motor vehicle was involved in the accident that led to Plaintiff's husband's death. In a demand letter sent to Defendant, Plaintiff stated that "there is no evidence that another vehicle was involved in the demise of Mr. Benjamin N. Days, Sr." (Doc. 1, Attach. 1 at 6.)

[2] Because Plaintiff has failed to establish any facts to survive summary judgment, this Court sees no reason to address Defendant's argument that Plaintiff's claim should be dismissed because it is time-barred by the three-year statute of limitations detailed within the life insurance policies. Moreover, the Court will not specifically address any arguments related to Plaintiff's request for attorney's fees. Because the Court has found that Plaintiff's complaint must be dismissed, Plaintiff is not entitled to recover attorney's fees or costs.

## CONCLUSION

Ultimately, Plaintiff is unable to identify any evidence that she is entitled to recover under Part II of the relevant life insurance policies. As a result, Defendant's Motion for Summary Judgment is **GRANTED**. Plaintiff's claims are **DISMISSED**. The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 3rd day of April 2018.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA